UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:11-cr-97-FtM-29SPC

JUDE SEREME, NEHEME DUCTANT, RICK
JEAN, WILMANE JEAN, RASHID FRANCOIS,
MICHAEL DUPIN, JOPHANEY HYPPOLITE,
JENNIFER NICOLE SANDER, ERIC BONITA
_____

## OPINION AND ORDER

This matter comes before the Court on a Report and Recommendation (Doc. #189) recommending that defendant Jude Sereme's Motion to Suppress Evidence (Doc. #120) be denied. The magistrate judge also recommends that co-defendant Jophaney Hyppolite's motion to adopt (Doc. #127) be denied because he has not shown standing. Objections to Report and Recommendation (Doc. #212) were filed. The government has filed no response to the objections, and the time to do so has expired.

### I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

Defendant Jude Sereme's Motion to Suppress Evidence (Doc. #120) asserts that there was an unlawful traffic stop, detention, and search of his person, which tainted subsequently developed evidence in the case. The Court finds no violation of defendant's Fourth Amendment rights and, therefore, agrees with the magistrate judge that the motion to suppress should be denied.

The stop of the vehicle in which defendant was a passenger was lawful because the officers had probable cause to believe two traffic offenses were being committed - unlawful window tint and speeding. (Doc. #189, p. 23.) The prior use of the GPS cell phone monitoring was not unlawful under United States v. Jones, 132 S. Ct. 945 (2012) because government agents did not attach anything to defendant's vehicle or possessions and did not otherwise invade a reasonable expectation of privacy. The events leading up to the "strip search[1]" justified the detention and search, which were

_____

[1]"Strip search" is an imprecise term which may refer to a variety of conduct. Florence v. Bd. of Chosen Freeholders of Cnty.

(continued...)

reasonable under the circumstances and did not violate defendant's Fourth Amendment rights. Since there was no Fourth Amendment violation, the Court need not address the exclusionary rule, other than to note it is not as expansive as defendant asserts. See, e.g., Davis v. United States, 131 S. Ct. 2419 (2011); Herring v. United States, 555 U.S. 135 (2009). The Court also agrees with the magistrate judge that defendant Jophaney Hyppolite has not shown standing to move to suppress the evidence.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #189) is **ACCEPTED AND ADOPTED,** and it is specifically incorporated into this Opinion and Order.

2. Jude Sereme's Motion to Suppress Evidence (Doc. #120) is **DENIED.**

3. Jophaney Hyppolite's Motion to Adopt Sereme's Motion to Suppress Evidence (Doc. #127) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of May, 2012.

JOHN E. STEELE
United States District Judge

Copies: U.S. Magistrate Judge; Counsel of Record

---

[1](...continued)
of Burlington, 132 S. Ct. 1510, 1515 (2012).