UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                         CASE NO: 2:11-cr-97-FtM-29NPM

JOPHANEY HYPPOLITE

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. #784) filed on October 15, 2020. The government filed an expedited Response (Doc. #789) on October 27, 2020, and defendant filed a Reply (Doc. #794) on November 12, 2020. For the reasons set forth below, the motion is denied.

**I.**

The Court has previously summarized the relevant procedural history of this case as it relates to defendant Jophaney Hyppolite as follows:

> On September 5, 2012, a federal grand jury in Fort Myers, Florida returned a twelve-count Second Superseding Indictment charging Petitioner and six co-defendants with various drug offenses. (Cr. Doc. #282). Count One charged Petitioner and six others with conspiracy to manufacture, possession with intent to distribute, and distribution of 280 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 846. (Id., pp. 1-2). In addition to the conspiracy, Petitioner was charged in Count Six with knowing and willful distribution and aiding

and abetting the distribution of cocaine base, also known as crack cocaine, on or about June 29, 2011, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. In Count Eleven, Hyppolite was charged with knowing and willful distribution and aiding and abetting the distribution of crack cocaine on or about September 27, 2011 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On September 14, 2012, the government filed a notice of intent to enhance Hyppolite's sentence under 21 U.S.C. § 851 because he had at least two qualifying prior drug convictions. (Cr. Doc. #324).

The Court conducted an eleven-day trial. After the government's case-in-chief, defense counsel moved for judgment of acquittal on Counts One, Six, and Eleven. (Cr. Doc. #497, pp. 72-73). The Court granted the motion as to Count Six only, finding the government's witness did not identify Hyppolite as a participant in the controlled buy on June 29, 2011. (Id., pp. 83-84). On October 5, 2012, the jury returned a verdict finding Hyppolite guilty of Counts One and Eleven. (Cr. Doc. #383, pp. 1, 7). As to Count One, the jury found that the amount of cocaine base involved in the conspiracy was more than 280 grams. (Id., pp. 2-3).

Hyppolite was sentenced on January 23, 2013. (Cr. Doc. #449). Because Hyppolite was found guilty of a conspiracy involving more than 280 grams of cocaine base[] under 21 U.S.C. § 841(b)(1)(A)(iii) and had three prior felony drug convictions, he faced a mandatory term of life imprisonment. The undersigned sentenced Petitioner to a term of life imprisonment as to Count One, and 30 years of imprisonment as to Count Eleven, to be served concurrently. (Cr. Doc. #449, p. 2). In addition, the undersigned imposed a term of supervised release of ten years as to Count One and six years as to Count Eleven to run concurrently. (Id., p. 3).

(Doc. #741, pp. 2-3.) Defendant's convictions and sentences were affirmed on direct appeal. (Doc. #627.) On September 30, 2019, the Court denied habeas relief under 28 U.S.C. § 2255. (Doc. #741.)

## II.

Read liberally, defendant seeks a reduction of his sentence under the First Step Act and under statutory provisions allowing compassionate release. (Doc. #784.) Specifically, defendant seeks a 15 year sentence of imprisonment, the mandatory minimum term of imprisonment which defendant contends would apply if he was sentenced today. (Doc. #794, pp. 4-5, 10-11.)[1] The government agrees that defendant has exhausted his administrative remedies. (Doc. #789, p. 3.)

### A. Inherent Authority

Contrary to defendant's assertion (Doc. #784, p. 4), a district court has "no inherent authority" to modify an already imposed imprisonment sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190,

---

[1] Although defendant fails to mention it, the government asserts that if defendant were sentenced today, he would be subject to a 30-year enhanced maximum penalty for Count Eleven and a Sentencing Guidelines range of 360 months to life imprisonment as a career offender. (Doc. #789, p. 6, n.1.)

1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. See 18 U.S.C. § 3582(c).

### B. "Serious Drug Offense" Under First Step Act

Defendant seeks a sentence reduction under the First Step Act, asserting that all but one of his prior drug convictions do not qualify as a "serious drug offense," as currently required by Section 401 of the First Step Act.

> First Step Act § 401 amended 21 U.S.C. § 841(b)(1)(A) by changing the mandatory penalties it imposed for repeat offenders, as well as altering the types of offenses that trigger those penalties. Specifically, while § 841(b)(1)(A) previously stated that a prior conviction for a "felony drug offense" would trigger mandatory penalties, First Step Act § 401(a) changed the prior-conviction requirement to a "serious drug felony or serious violent felony." First Step Act § 401(a) also changed the mandatory minimum sentence for defendants who have had two or more such prior convictions, from life imprisonment to 25 years.

United States v. Pubien, 805 F. App'x 727, 730 (11th Cir. 2020). The statutory definition of "serious drug offense" under Section 401 now includes a requirement that defendant have served a sentence of more than 12 months imprisonment. Defendant asserts that only one of his prior drug convictions qualifies under this new definition.

The government correctly argues that Section 401 does not provide a basis for relief because this portion of the First Step Act is not retroactive.

- 4 -

> The First Step Act did not make § 401's amendments retroactively applicable to defendants sentenced prior to its enactment. In fact, contrary to Pubien's argument, it explicitly makes the amendments not retroactively applicable to such defendants: it states that the provisions of § 401 "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." § 401(c). Pubien, who was sentenced on October 26, 2007, is therefore not entitled to a sentence reduction under First Step Act § 401.

Pubien, 805 F. App'x at 730. As a result, Section 401 cannot be applied to reduce defendant's sentence.

### C. Compassionate Release Under First Step Act

Defendant also seeks a sentence reduction pursuant to the compassionate release provisions of the First Step Act. Title 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, allows a court to modify a prisoner's sentence "in any case" if:

> (A) the court . . . upon motion of the defendant . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A)(i). The "applicable policy statements issued by the Sentencing Commission" are found in Section 1B1.13 of the U.S. Sentencing Guidelines Manual Application Notes. Sentencing Guideline § 1B1.13 cmt. n.1 provides that "extraordinary and compelling reasons exist under" the following circumstances:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1. Defendant must also not be a danger to the safety of any other person or to the community. Id., §1B1.13(2).

Thus, a defendant is eligible for compassionate release if the district court finds "extraordinary and compelling reasons" that are "consistent with this policy statement" Id. § 1B1.13(1), (3). If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors.

Here, defendant does not assert any of the circumstances set forth in §1B1.13 cmt. n.1(A) through (D). Rather, defendant argues that the non-retroactivity of Section 401, which precludes him from having a significant sentence reduction, is an "extraordinary and compelling reason." The Court disagrees. The

determination not to make a portion of the First Step Act retroactive is not the type of "extraordinary and compelling reason" to justify a sentence reduction. See, e.g., United States v. Cisneros, No. CR 99-00107 SOM, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020) ("Consequently, this court hesitates to conclude that it should reduce Cisneros's sentence solely on the ground that the change in the law constitutes an extraordinary and compelling circumstance. Otherwise, every inmate who might receive a reduced sentence today would be eligible for compassionate release, and Congress's decision not to make the First Step Act retroactive would be meaningless.").

Additionally, defendant addresses many of the § 3553(a) factors. For example, defendant states that he currently works in a position of trust in the Commissary/Trust Fund Department, and has consistently held such positions. Defendant has also completed several reentry programs to aid with his rehabilitation, and earned training and certificates through the Recreation Department. Defendant also argues that he would not pose a danger to the community, and the Court should consider the disproportionate impact of Section 851 enhancements on African-Americans. Defendant states that he would live with his mother upon release. The government indicates that defendant has no disciplinary actions against him while incarcerated. But consideration of such factors is only triggered upon a finding of

an extraordinary and compelling circumstance warranting a reduction, and defendant has failed to establish such a circumstance. To grant a reduction of sentence under the factors presented herein would thwart the intent of Congress of making Section 401 specifically not retroactive. Further, rehabilitation alone is not considered an extraordinary and compelling reason. 28 U.S.C. § 994(t).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. #784) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of November, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record